UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASSAN HAZAMY,

                     Plaintiff,                    Case No.  2:09-cv-13336
                                                     Hon. George Caram Steeh

v.

CITIMORTGAGE, INC. and
BANK OF AMERICA, N.A.,

                     Defendants.
_____

OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This consumer lending case was filed against defendants, Citimortgage Inc. and Bank of America, N.A. on August 3, 2009 in the Third Circuit Court of Michigan.  In a five-count complaint, plaintiff Hassan Hazamy alleged a violation of 15 U.S.C. § 1639(B)(3) (the Home Owners Equity Protection Act)(Count I)[1]; predatory lending (Count II); violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. (Count III); fraud and misrepresentation (Count IV); and a request for Rescission of the Note and Mortgage (Count V).  Three weeks later, Defendants removed this matter to this court and now move to dismiss the complaint.[2]  For the reasons set forth below, defendants' motion is GRANTED.

I.       Facts

On March 26, 2004, Hazamy received a mortgage loan in the amount of $136,000 from ABN Amro Mortgage Group.  Citimortgage currently services the Note and Mortgage.

---

[1]Hazamy conceded at oral argument that HOEPA does not apply to his facts and situation.  Thus, the court dismisses this count with prejudice.

[2]The motion is titled "DEFENDANTS' MOTION TO DISMISSAND/OR FOR SUMMARY JUDGMENT ON ALL OF PLAINTIFFS' CLAIMS."

The mortgage documents contain a TILA Disclosure Statement, which explains the following: Hazamy's monthly payment will be $782.89 for 360 payments, the total finance charge, the total amount that will be paid after all payments are made, and the annual percentage rate.

Hazamy also entered into a home equity line of credit, or HELOC, from Standard Federal Bank in the amount of $55,000.  The HELOC is dated May 9, 2003 and was recorded on May 20, 2003.  By virtue of a merger, Bank of America now services the HELOC.  On August 12, 2009, the HELOC was charged off by Bank of America.  At the time of the charge off, the principal balance was $48,485.93.

## II.    Standard of Review

### A.    Federal Rule of Civil Procedure 12(b)(6) – Motion to Dismiss.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint.  Viewing the facts in a light most favorable to the plaintiff, the court assumes that the plaintiff's factual allegations are true in determining whether the complaint states a valid claim for relief.  See Bower v. Fed. Express Corp., 96 F.3d 200, 203 (6th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the complaint 's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555 (2007); see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007).  "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id.  "Determining whether a complaint states a plausible claim for relief will . . .

2

be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949.

### B.    Federal Rule of Civil Procedure 56 – Motion for Summary Judgment

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56( c). The moving party must prove to the court that the non-moving party's case lacks evidence to support it. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In making its determination, the court reviews whether the record as a whole presents a genuine issue of material fact. Matsushita Electric Industries Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In doing so, the court draws all reasonable inferences in the light most favorable to the non-moving party. Hager v. Pike County Bd. of Education, 286 F.3d 366, 370 (6th Cir. 2002).

### III.    Analysis

Defendants argue that Hazamy's complaint fails because the TILA claim is time barred by a one-year statute of limitations; that Hazamy's predatory lending claim is not recognized by Michigan law; that Hazamy's claim of fraudulent misrepresentation failed to state a claim upon which relief may be granted; and that Hazamy's request for rescission

3

fails because the allegations are conclusory and without merit.

        **A.    TILA Claim is time barred.**

Defendants argue that the statute of limitations bars Hazamy's claims under TILA. Hazamy counters that his claim should nonetheless survive because of equitable tolling. TILA's one-year statute of limitations states: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violations."  15 U.S.C. § 1640(e).  "[T]he statute of limitations begins to run 'when the plaintiff has a complete and present cause of action' and thus 'can file suit and obtain relief.'"  Wike v. Vertrue, Inc., 566 F.3d 590, 593 (6th Cir. 2009).

The statute of limitations period has run.  Hazamy obtained his loans in May 2003 and March 2004.  A "complete and present cause of action" was available to Hazamy and he failed to act upon it within the statutory period.  Id.

For equitable tolling to apply to these facts, Hazamy must show "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts."  Hamilton County Bd. of Comm'rs v. NFL, 491 F.3d 310, 315 (6th Cir. 2007).  At best, Hazamy offers conclusory statements to invoke the doctrine of equitable tolling.  He merely opines that Defendants inflated the value of his property and that they should have known his true ability to pay for these loans. Even if the court were to give this statements credence, this was information that was available to Hazamy or could have been obtained with relative ease.  Thus, equitable tolling

4

should not be invoked in this instance.

Hazamy's opportunity to pursue a TILA claim has lapsed and equitable tolling cannot be applied to his situation.  Thus Count III is dismissed with prejudice.

**B.    Rescission is not applicable in this instance.**

In addition to his TILA claim, Hazamy asked in Count V for relief in the form of rescission.  When plaintiffs ask for rescission under a TILA claim, the applicable statute of repose is three years.  15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction.")  Equitable tolling does not apply to the right of rescission under § 1635(f).  Bolden v. Aames Funding Corp., No. 03-2827, 2005 WL 948592, *3 (W.D. Tenn. Feb. 25, 2005) (citing Taylor v. The Money Store, No. 00-35930, 2002 WL 1769962, *1 (6th Cir. 2002) (quoting Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412-13 (1998))).  Hazamy filed his complaint in August 2009, over three years past the "date of consummation of the transaction."

To the extent that Hazamy asks this court for the equitable relief of rescission, separate from his TILA claim, the request fails as a matter of law.   The court cannot find any unlawful underlying conduct, as the court has determined that Hazamy's substantive claims should be dismissed.   Thus, the court dismisses Hazamy's request for rescission with prejudice.

**C.    The claim of predatory lending is not recognized under Michigan law.**

In Count II, Hazamy alleges that the defendants engaged in predatory lending. Michigan does not recognize an independent claim of "predatory lending."  McLean v.

5

Countrywide Home Loans, Inc., No. 09-CV-11239, 2009 WL 2777017, *6 (E.D. Mich. Aug. 27, 2009); Swarich v. OneWest Bank, F.S.B., No. 09-13346, 2009 WL 4041947, *5 (E.D. Mich. Nov. 20, 2009).  Defendants are entitled to dismissal with prejudice of Count II alleging predatory lending.

   **D.   Plaintiff's count of fraud and misrepresentation fails to state a valid claim.**

   Hazamy's claim of fraud and misrepresentation in Count IV merely makes conclusory statements that the defendants knew or should have known they had made false statements regarding property value and payment disclosures, and that they did so with the intent to persuade Hazamy to take out loans from the defendants against the value of his property.  At a bare minimum, Hazamy "must allege the time, place and contents of the misrepresentations upon which [plaintiff] relied."  Frank v. Dana Corp., 547 F.3d 564, 569-70 (6th Cir. 2008) (quoting Gupta v. Terra Nitrogen Corp., 10 F.Supp.2d 879, 883 (N.D. Ohio 1998).  Hazamy must provide something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Association of Cleveland Fire Fighters, 502 F.3d at 548 (quoting Twombly, 550 U.S. at 555).  Hazamy does not allege any facts that specify  statements that he believes are fraudulent, who the speaker was, when and where the statements were made, or why they are fraudulent.  Clearly, Hazamy's allegations fail to adequately state a claim as set forth by the standards in Fed. R. Civ. P. 9(b) and the previously mentioned case law.  The allegations are insufficient to survive defendants' motion to dismiss.

   Hazamy asks in the alternative for permission to amend his complaint.  Although

6

leave to amend should often be granted freely, <u>see</u> Fed. R. Civ. P. 15(a)(2), the court considers this instance an exception to the rule.  The facts before the court make it clear that further pursuit of the complaint would be futile and a waste of judicial resources. Defendants' TILA disclosures to Hazamy and Hazamy's responsibilities to explore the value of his property through appraisal and to declare his ability to pay for the loans he sought weigh heavily against any new allegations Hazamy could make in an amended complaint. For these reasons, the court denies Hazamy's request to file an amended complaint and dismisses Count IV of the complaint without prejudice.

This order dismisses the complaint in its entirety.  Hazamy, however, may in the 30 days following the filing of this opinion and order motion the court to reopen the case as it pertains to Count IV alleging fraud and misrepresentation.  If he chooses to do so, Hazamy should attach both an amended complaint that gives specific detail to the allegations made against defendants and an affidavit that attests to these specified allegations.  If Hazamy does not file a motion to reopen the case in the next 30 days, the dismissal of Count IV will be with prejudice.

## IV.    Conclusion

The defendants' motion to dismiss is hereby GRANTED.  Counts I, II, III and V are dismissed with prejudice.  Count IV is dismissed without prejudice.  Plaintiff has 30 days from the date of entry of this order to file a motion to reopen the case, as it pertains to

Count IV.  If Plaintiff decides not to file such a motion, the dismissal of Count IV will be with prejudice.

SO ORDERED.

Dated:  January 11, 2010

S/George Caram Steeh

GEORGE CARAM STEEH

UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 11, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---